**Kamaljit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76664.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 27, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jonathan F. Potter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM [**]

Kamaljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen so he could apply for asylum based on changed circumstances. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because the 2004 State Department Country Report he submitted does not demonstrate a material change of circumstances in India with regard to the Indian police's treatment of suspected terrorists and Sikh separatists. *Cf. Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (holding "[t]he critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

